IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JIMMY L. TAYLOR, | : |
| Plaintiff, | : |
| V. | : NO. 5:24-cv-00435-MTT-CHW |
| MEGAN ALLEN, | : |
| Defendants. | : |

### ORDER

Plaintiff Jimmy L. Taylor, a prisoner in the Wheeler Correctional Facility in Alamo, Georgia, filed a civil rights complaint under 42 U.S.C. § 1983 in the United States District Court for the Southern District of Georgia. ECF Nos. 1 & 17. Plaintiff also filed a motion for leave to proceed *in forma pauperis* ("IFP"). ECF No. 6. The Southern District granted Plaintiff's motion to proceed IFP on the condition that Plaintiff file a certified account statement so that the court could determine whether Plaintiff would be required to pay an initial partial filing fee. ECF No. 11. Thereafter, Plaintiff filed a new motion to proceed *in forma pauperis* that did not include a certified account statement. ECF No. 12. The Southern District then transferred the case to this Court. ECF No. 13; ECF No. 14. If Plaintiff wishes to proceed with this action, he must recast his complaint and file a complete motion for leave to proceed IFP within fourteen days.

### RECAST COMPLAINT

In his complaint, Plaintiff names attorney Megan Allen as the defendant in this case and appears to complain about his arrest, criminal proceedings, and conviction. ECF

No. 1 at 1-118. Plaintiff should be aware that § 1983 requires a Plaintiff to assert facts showing that his rights were violated by a person acting under color of state law to state a claim. Neither public defenders nor private attorneys acting as defense counsel are considered state actors for the purposes of § 1983. *See Polk v. Dodson*, 454 U.S. 312, 325 (1981) (holding that a public defender does not act under color of state law when he performs a lawyer's traditional function by acting as defense counsel in a criminal proceeding); *Yeh Ho v. Sabocik*, 775 F. App'x 551, 554 (11th Cir. 2019) (per curiam) (concluding that private attorneys were not state actors).

To the extent that Plaintiff is challenging his convictions or sentences, he can only seek such relief in a habeas corpus proceeding after exhausting state court remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Also, Plaintiff cannot recover monetary damages on any claim that would invalidate his conviction because Plaintiff has not demonstrated that his conviction or sentence has been reversed on appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In light of the above, Plaintiff's civil action against Megan Allen is likely to be dismissed upon the preliminary review required by 28 U.S.C. § 1915A.

If, despite these warnings, Plaintiff decides to continue with this action, he must file a recast complaint on the required § 1983 form. Plaintiff must provide a response to every question on this form. **Plaintiff may include additional pages with the Court's standard form, but his complaint must be no longer than ten (10) pages in its entirety.**

**This ten-page limitation includes (and is not in addition to) the pre-printed pages of the Court's standard form. The Court will not consider any allegations in any other document, or any allegations not contained within those ten pages, to determine whether Plaintiff has stated an actionable claim.** This recast complaint will replace the original complaint. The Court, therefore, will not refer to the original complaint to determine if Plaintiff has stated any viable claim.

## MOTION FOR LEAVE TO PROCEED IFP

Additionally, Plaintiff's pending motion to proceed IFP is incomplete. ECF No. 12. A prisoner seeking leave to proceed without prepayment of the filing fee must submit (1) an affidavit in support of his claim of indigence and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-months period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2). Thus, should Plaintiff wish to proceed with this action, he must submit a certified copy of his trust fund account statement.

Plaintiff should be aware that prisoners who are allowed to proceed without prepayment of the filing fee are still required to pay the full filing fee in accordance with the provisions of the Prison Litigation Reform Act. 28 U.S.C. § 1915(b)(1)-(2). Thus, even if Plaintiff is allowed to proceed IFP, money will be deducted from his prisoner trust fund account until the $350.00 filing fee is paid in full. This is true even if Plaintiff's action is summarily dismissed under 28 U.S.C. § 1915A prior to service on the defendant.

## CONCLUSION

If Plaintiff wishes to proceed with this action, he is **ORDERED** to file a recast complaint on the required 42 U.S.C. § 1983 form and submit a proper motion to proceed *in forma pauperis*, which should include a certified copy of his trust fund account statement. The Clerk is **DIRECTED** to provide Plaintiff with a 42 U.S.C. § 1983 complaint and an application to proceed *in forma pauperis* along with his service copy of this order (with the civil action number showing on all).

Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this order to comply. If Plaintiff does not fully and timely comply with this order, this action may be dismissed. Plaintiff is further **ORDERED** to notify the Court immediately in writing of any change of address, and his failure to do so may result in the dismissal of this action.

**SO ORDERED and DIRECTED**, this 8th day of January, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge