IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JIMMY L. TAYLOR, | : |
| Plaintiff, | : |
| V. | : NO. 5:24-cv-00435-MTT-CHW |
| MEGAN ALLEN, | : |
| Defendants. | : |

## ORDER OF DISMISSAL

Plaintiff Jimmy L. Taylor, a prisoner in the Wheeler Correctional Facility in Alamo, Georgia, filed a civil rights complaint under 42 U.S.C. § 1983 in the United States District Court for the Southern District of Georgia. ECF Nos. 1 & 17. Plaintiff also filed a motion for leave to proceed *in forma pauperis* ("IFP"). ECF No. 6. The Southern District granted Plaintiff's motion to proceed IFP on the condition that Plaintiff file a certified account statement so that the court could determine whether Plaintiff would be required to pay an initial partial filing fee. ECF No. 10. Thereafter, Plaintiff filed a new motion to proceed *in forma pauperis* that did not include a certified account statement. ECF No. 12. The Southern District then transferred the case to this Court. ECF Nos. 13 & 14.

Upon that transfer, Plaintiff was ordered to recast his complaint and file a complete motion for leave to proceed IFP. ECF No. 18. Plaintiff has now filed an amended complaint, a new motion for leave to proceed IFP, and a motion for service on Defendant Megan Allen. ECF Nos. 19-21. As set forth below, Plaintiff's motion to proceed IFP is

**GRANTED**, and Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. In light of this dismissal, Plaintiff's motion for service is **DENIED AS MOOT**.

**MOTION FOR LEAVE TO PROCEED IFP**

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). ECF No. 20. As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed IFP is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed IFP, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I.      <u>Directions to Plaintiff's Custodian</u>

Hereafter, Plaintiff will be required to make monthly payments of 20% of the

deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to the Wheeler Correctional Facility. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II.     Plaintiff's Obligations Upon Release

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody. Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if he is able to make payments

but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

### I. Standard of Review

The PLRA directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints filed by a plaintiff proceeding IFP. 28 U.S.C. § 1915(e). Both statutes apply in this case, and the standard of review is the same. "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id*. (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id*. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

II.     Factual Allegations

In his amended complaint, the only defendant that Plaintiff names is public defender

Megan Allen.  ECF No. 19 at 4.  Plaintiff purports to bring his claims against Allen under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and the Federal Tort Claims Act.  ECF No. 19-1 at 2.

Plaintiff contends that Allen violated his (1) Sixth Amendment rights by refusing to file a motion for a speedy trial; (2) Fifth and Fourteenth Amendment rights by failing to file a timely motion to quash the indictment against Plaintiff; (3) First, Fifth, Sixth, Eighth, and Fourteenth Amendment rights by failing to inform Plaintiff that a second indictment had been filed against him and by failing to move to quash that indictment; and (4) Sixth and Fourteenth Amendment rights by failing to appear and represent Plaintiff in his trial.  *Id.* at 3-9.  Plaintiff seeks monetary damages for these alleged violations.  *Id.* at 10.

### III. Plaintiff's Claims

#### A. 42 U.S.C. § 1983 and the Civil Rights Act of 1871

Plaintiff asserts that his claims arise under 42 U.S.C. § 1983 and the Civil Rights action of 1871.  "Section 1983, which derives from § 1 of the Civil Rights Act of 1871, 17 Stat. 13, creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012).  To state a claim under § 1983, a plaintiff must allege facts showing that his constitutional or other federal rights were violated by a person acting under color of state law.  *Hale*, 50 F.3d at 1582.

Although public defenders may be paid by the state, the United States Supreme Court has held that "a public defender does not act under color of state law when

performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981). Nothing in Plaintiff's complaint suggests that Allen was acting under color of state law in relation to her representation of, or failure to represent, Plaintiff. Thus, he does not state a claim against Allen under the Civil Rights Act of 1871, as codified by 42 U.S.C. § 1983.[1]

      B.     Federal Tort Claims Act

Plaintiff also invokes the Federal Tort Claims Act ("FTCA"). The FTCA provides a limited exception to the United States Government's immunity in certain situations. *See* 28 U.S.C. § 1346(b). Where the FTCA applies, the United States may be liable for certain torts "in the same manner and to the same extent as a private individual under like circumstances." *JBP Acquisitions, LP v. U.S. ex rel. F.D.I.C.*, 224 F.3d 1260, 1263 (11th Cir. 2000). Here, Plaintiff does not allege any facts against the United States or any federal employee in his or her official capacity. Thus, he does not state a claim under the FTCA.

IV.    Conclusion

As set forth above, Plaintiff's motion to proceed IFP (ECF No. 20) is **GRANTED**.

---

[1] Although Plaintiff denies that he is challenging his conviction, ECF No. 19-1 at 2-3, Plaintiff's allegations against Allen all relate to her representation of Plaintiff, or her failure to represent Plaintiff, in the criminal proceedings against him. Thus, these allegations do appear to be raised for the purpose of challenging Plaintiff's conviction, and as such, they would be more appropriately brought in a habeas corpus petition because "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement." *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Moreover, to the extent that success on these claims would undermine the validity of Plaintiff's conviction, they are barred by *Heck*, 512 U.S. at 487, which provides that a prisoner cannot bring a § 1983 action for damages that would invalidate a sentence or conviction unless the sentence or conviction in question has previously been invalidated.

Plaintiff, however, does not state a claim for relief in his complaint. Therefore, Plaintiff's case against Defendant Megan Allen is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. In light of this dismissal, Plaintiff's pending motion for service to be made on Allen (ECF No. 21) is **DENIED AS MOOT**.

**SO ORDERED**, this 6th day of March, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT